IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLARENCE EDWARD YOUNG,

    Petitioner,                      No. CIV S-09-CV-2999 MCE CHS P

   vs.

D.K. SISTO,[1]

    Respondent.                  ORDER

_____/

       Petitioner, Clarence Edward Young, is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently serving an indeterminate sentence of twenty-two years to life following his 1987 conviction in Fresno County Superior Court for second degree murder with two penalty enhancements. Here, Petitioner does not challenge the constitutionality of that conviction, but rather, the execution of his sentence and, specifically, the August 23, 2007 decision by the Board of Parole Hearings finding him unsuitable for parole.

---

[1] Gary Swarthout is substituted for his predecessor, D.K. Sisto, as the current acting warden at California State Prison, Solano, where Petitioner is currently incarcerated, pursuant to FED. R. CIV. P. 25(d).

1

1    The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C.
2 § 636(b)(1)(B) and Local Rule 302.  On December 3, 2010, the magistrate judge filed findings and
3 recommendations herein which recommended that the petition be denied because there was "some
4 evidence" in the record demonstrating that, at this time of his 2007 parole suitability hearing,
5 Petitioner posed an unreasonable risk of danger to society and was thus unsuitable for parole.
6 *Hayward v. Marshall*, 603 F.3d 546, 562 (9th Cir. 2010) (citing *In re Rosenkrantz*, 29 Cal.4th 616
7 (2002)).  On January 24, 2011, subsequent to the issuance of the findings and recommendations, the
8 United States Supreme Court issued its opinion in *Swarthout v. Cook*, No. 10-333, slip op. at 6 (U.S.
9 Jan. 24, 2011), holding that while California prisoners possess a state created, federally protected
10 liberty interest in parole, California's "some evidence" requirement is not a component of that
11 liberty interest.  To the contrary, the protection afforded by the federal due process clause to
12 California parole decisions consists solely of the "minimal" procedural requirements set forth in
13 *Greenholtz*, specifically, "an opportunity to be heard and . . . a statement of the reasons why parole
14 was denied." *Id*. at 4-5.  *See also Greenholtz*, 442 U.S. at 16.

15    Accordingly, IT IS HEREBY ORDERED that the findings and recommendations
16 filed December 3, 2010 are VACATED.  New findings and recommendations are forthcoming.
17 DATED:   January 27, 2011

CHARLENE H. SORRENTINO
UNITED STATES MAGISTRATE JUDGE

2